```
____ FILED          ✓ RECEIVED
____ ENTERED        ____ SERVED ON
              COUNSEL/PARTIES OF RECORD

              APR - 4 2012

           CLERK US DISTRICT COURT
              DISTRICT OF NEVADA
BY: _____ DEPUTY
```

Greg Hughes
PO Box 6091
Reno, Nevada 89513
775-287-0467
Pro Per

# The United States District Court
## District Of Nevada

Gregory Hughes

Plaintiff,

vs.                                            Case No.  3:12-cv-00179

County of Washoe                               **ORIGINAL COMPLAINT**

City of Reno,

City of Sparks,

Reno City Marshal Eric Ramos personally as well as in his official capacity

City of Reno Marshal Commander Justin Roper

Sue Edmondson Court Master Washoe County District Court

Defendant Tamatha Schreinert Court Master in Reno

Reno Justice Court Judge Patricia A. Lynch

Sparks Justice Court Judge Kevin Higgins

Sparks Police Officers yet to be identified

Sparks Police Chief Steve Keefer

And yet unnamed defendants A through I

Defendant.

**ORIGINAL COMPLAINT**

## Complaint

The plaintiff alleges and believes that the defendants have entered into actions that would make a reasonable man feel vexed and harassed and cause severe emotional and financial harm. The court and its officers, along with other defendants, have deprived the defendant of his constitutional rights. The Reno City Marshal Eric Ramos has taken actions to falsely imprison, to extort and cause bodily harm to the Plaintiff. The Defendants through their action entered into a pattern of actions that caused the Plaintiff financial harm, physical harm, with held medical treatment and caused the Plaintiff to live in an atmosphere of fear. The cumulative actions of the defendants caused mental distress and severely harmed the plaintiff mentally, physically and financially. The court and its officers have deprived the plaintiff of his constitutional rights as guaranteed in the First, Fourth, Fifth, Seventh, Eighth, Fourteenth Amendments to the constitution. The Defendants cumulatively have acted to deny the plaintiff equal protection under the law and commit the act of oppression under the color of authority. The Courts and its officers have failed to follow the rules as set forth in the Constitution, the Nevada Revised Statutes and the Federal Rules of Civil Procedure. This barrage of constitutional violation and civil procedural violation have become a pattern of action that would leave a reasonable man to be believe in a conspiratorial conduct to vex and harass the plaintiff and deny him equal protection under the law.

The Officers of the Court have entered into actions that, through their actions, have deprived the Defendant of life liberty and property without the due process of law. The Marshal Service, and specifically Eric Ramos, through their actions, caused the plaintiff physical harm. Marshal Eric Ramos committed false arrest of the Plaintiff and also illegally transported the Plaintiff to the Washoe County Jail. Personnel at said Jail called an ambulance and ordered the transportation of

the Plaintiff to Renown Medical Center with an apparent heart attack that caused not only physical and psychological damage but also financial harm. This financial harm is ongoing and will continue as The Plaintiff has no insurance, is unemployed, has no means of paying such debt and will go to collections and thus be harassed for payment that are due and payable by the City of Reno, as the plaintiff was in custody at the time of the occurrence of said heart attack.

## Jurisdiction

1. The Plaintiff being a resident of the State of Nevada is within the Jurisdiction of The US District Court, District of Nevada.

2. This Court enjoys subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) (1) because the amount in controversy exceeds $75,000.

3. This Court enjoys venue under 28 U.S.C. § 1391(a)(2) because all or a substantial portion of the events that gave rise to Plaintiff's claims transpired in the State of Nevada, including the publication or republication of the defamatory falsehoods and the damage to Plaintiff's reputation.

4. This Court enjoys personal jurisdiction over the Defendants because the false and defamatory statements made by Defendants were published in Nevada and available through out The United States and the Plaintiff-target of the defamatory statements was and remains a resident of Nevada.

5. As one of the Named parties is in fact the Washoe County District Court in Reno Nevada and award would come from the general fund of the Washoe County and thus the source of revenue for court operations, thus litigation in this Washoe County District Court would be biased.

6.  Numerous causes of action are for the violation of constitutional rights so as to allow the jurisdiction of the United States District Court District of Nevada.

### The Parties

7. The City of Reno being an employer of Defendants operating within their official capacity and being a municipality within the State of Nevada is within the Jurisdiction of The US District Court, District of Nevada.

8. The City of Sparks being an employer of Defendants operating within their official capacity and being a municipality within the State of Nevada is within the Jurisdiction of The US District Court, District of Nevada.

9. The County of Washoe being an employer of Defendants operating within their official capacity and being a municipality within the State of Nevada is within the Jurisdiction of The US District Court, District of Nevada.

10. Defendant Eric Ramos employed as a City Marshal within the City of Reno who acted on behalf of the City of Reno and violated laws and exceeded officially acceptable standards and allowing the civil actions, holding him personally liable.

11. City of Reno Marshal Commander Justin Roper in his official capacity for failure to supervise officers under his supervision or possible authorization of illegal acts by said officers.

12. Defendant yet unidentified officers employed as a police officer within the City of Sparks who acted on behalf of the City of Sparks and violated laws and exceeded his/hers officially acceptable standards and allowing the civil actions holding him personally liable.

4

13. Sparks police Chief Steve Keefer in his official capacity for failure to supervise officers under his supervision or possible authorization of illegal acts by said officers.

14. Defendant Tamatha Schreinert employed as a Court Master in Reno District Court who acted on behalf of Washoe County and violated laws and exceeded her officially acceptable standards and allowing the civil actions holding her personally liable.

15. Defendant Sue Edmonson employed as a Court Master in Reno District Court, who acted on behalf of Washoe County and violated laws and exceeded her officially acceptable standards and allowing the civil actions holding her personally liable.

16. Defendant Justice Court Judge Patricia A. Lynch employed as a Judge in the City of Reno in the County of Washoe and violated laws and exceeded her officially acceptable standards and allowing the civil actions holding her personally liable.

17. Defendant Judge Kevin Higgins employed as a Judge in the City of Sparks in the County of Washoe and violated laws and exceeded her officially acceptable standards and allowing the civil actions holding him personally liable.

18. As a proximate result of the above-described actions, Plaintiff has suffered loss of his reputation, shame, mortification, and mental distress all to his general damage in a sum to be proven at trial.

## Cause of Action

**First Cause of Action: Intentional infliction of emotional distress**

19. Plaintiff refers and repleads each and every allegation contained in paragraphs 1 through 18 of this verified complaint, and by reference incorporates the same herein and makes each a part thereof.

20. The officers of the Court Master SUE EDMONDSON employed by Washoe County in The District Court Family Court division issued a Temporary Restraining Order in the case CV11-00456 on the grounds as stated in a complaint filed by Tina Cline on the grounds of 6000 harassing text messages, that even district Judge LINDA GARDNER realized were not credible and had no merit. The Court issued this arbitrary and capricious order on these supposed 6000 harassing text messages as being good and true evidence of harassment thus need for a restraining order. The device that held these supposed harassing text messages was in the possession of the party in the chambers and because of the Court Masters inability to comprehend an electronic phone and inability to comprehend that text messages are a normal and intricate part of the everyday means of conversation between parties both in and out of a relationship. The court used this ex-parte conversation to issue a restraining order on the grounds of exigent circumstances when none existed.

21. Tamatha Schreinert's continuation of the damage to the defendant was exacerbated by Tamatha Schreinert who was the presiding Master in CV11-00456 who issued a extension of said restraining order for the period of one year for a relationship that was a total of 3 months and one afternoon of a mutual argument that occurred between a couple engaged in a relationship. Tamatha Schreinert caused long term financial and mental anguish to the defendant. The actions of the court master were both arbitrary and capricious and were not within the legal practices a determined by the Nevada Revised Statues with regards to the legal procedure with regards to a civil case brought before the court.

22. Justice Court Judge Patricia A. Lynch in Jamie Mercurio vs. Greg Hughes Patricia Lynch ruled arbitrarily and capriciously granting a restraining order to Mercurio who claimed that the two had

6

sex and it was non consensual even though they were in a long term off again on again relationship that was not in the jurisdiction of the court and should have been removed to Washoe County District Court Family Court Division. The order Patricia Lynch issued in this mater she issued an order that was arbitrary and capricious in nature and violated the plaintiffs' civil rights. This order barred the plaintiff from attending any function on the campus of the University of Nevada Reno including the funeral of Joe Crowley which caused the plaintiff extreme anguish. This order also barred The Plaintiff from exercising his constitutional rights of freedom of speech and freedom of political association.

23. Judge Lynch again on the case of RCR2011-059718 allowed the arrest of the plaintiff by the Marshal, who was under the direct control of the court, on fictitious grounds, causing the plaintiff to suffer a heart attack. The Marshal then again tried to have the Plaintiff arrested on fictitious grounds, which the judge signed and only rescinded this arrest warrant when the Plaintiff found out that a warrant had been issued and tried to file a motion to stop said action. Judge Lynch then ordered a hearing be held on an order to show cause. Hughes filed for a continuance and the judge failed to act causing The Plaintiff to be forced to miss attend his mother-in-laws funeral in Chicago. The Plaintiff now lives in fear as to the actions of this judge, and her henchmen in the marshal's service, and their illegal and unethical acts.

24. The City of Sparks had been involved in a pattern of actions that are both illegal and unethical. Sparks Police Officers have left the legal confines of their jurisdiction and entered the city of Reno for the purpose to harass, vex and commit the act of oppression under the color of authority. These officers harassed the Plaintiff to the point that the Plaintiff had to install additional locking systems on his office front door, instruct his employees that they were not to allow the Sparks Police on the

7

premises. The Plaintiffs employees began to be apprehensive of attending work because of harassment by Sparks Police officers. The Plaintiff was forced to file a complaint with the Sparks Police Department internal affairs and the police chief in order to halt the harassment.

25. The harassment of the Plaintiff continued as an unknown officer at Sparks Police department began steering clients to Nicole Harvey Esq. who would then file actions against The Plaintiff. This referral, or steering, of clients is in direct violation of Nevada State Law.

26. The Plaintiff served a subpoena to have documents in the possession of Sparks police Department disclosed to the Plaintiff. The Sparks Police, in order to protect its corrupt officers, filed for, and was granted a protection order on the guise of an ongoing investigation, thus aiding Tina Cline in civil litigation.

27. The officer at the Reno Marshal Service, specifically Eric Ramos, committed numerous crimes including Oppression Under the Color of Authority, threats and intimidation. This officer was under the direct supervision of City of Reno Marshal Commander Justin Roper in his official capacity. Marshal Roper failed to supervise the personnel in his direct control.

**Second cause of action: Defamation of character**

28. Plaintiff refers and repleads each and every allegation contained in paragraphs 1 through 27 of this verified complaint, and by reference incorporates the same herein and makes each a part thereof.

29. The defendants both jointly, and separately, caused items to be entered into the public record that were defamatory to the personal and business reputation of the defendant.

30. Marshal Eric Ramos paraded and abused the defendant in a public area to cause irreparable harm to the defendant in his reputation and caused items to be entered into the public record that defames the business and professional reputation of the defendant.

**Third cause of action: FOR LIBEL**

31. Plaintiff refers and repleads each and every allegation contained in paragraphs 1 through 27 of this verified complaint, and by reference incorporates the same herein and makes each a part thereof.

32. The Plaintiffs jointly and individually have made statements, entered into the public record and made available for public consumption, items and statements, which are libelous in nature and made with malicious intent.

**Forth Cause of action: FOR SLANDER PER SE**

33. Plaintiff refers and repleads each and every allegation contained in paragraphs 1 through 27 of this verified complaint, and by reference incorporates the same herein and makes each a part thereof.

**34.** The Plaintiffs jointly and individually have made statements, entered into the public record and made available for public consumption, items and statements that are Slanderous in nature and made with malicious intent

**Fifth Cause of Action: Denial of Constitutional Rights**

35. Plaintiff refers and repleads each and every allegation contained in paragraphs 1 through 27 of this verified complaint, and by reference incorporates the same herein and makes each a part thereof.

36. The Plaintiffs jointly and individually have had abridged the constitutionally protected rights of the defendant. The courts have acted in a manor that denied the Plaintiff the right to a fair trail and due process of law.

### Sixth Cause of action: False arrest

37. Plaintiff refers and repleads each and every allegation contained in paragraphs 1 through 27 of this verified complaint, and by reference incorporates the same herein and makes each a part thereof.

38. The Defendants jointly and in conjunction with marshal committed the crime of false arrest without a legally issued warrant by a court of jurisdiction, in violation of Nevada Revised Statuettes.

39. Marshal Eric Ramos arbitrarily and capriciously with malicious intent falsely arrested the Plaintiff for the purpose of committing the act of false arrest.

### Seventh Cause of action: False imprisonment

40. Plaintiff refers and repleads each and every allegation contained in paragraphs 1 through 27 of this verified complaint, and by reference incorporates the same herein and makes each a part thereof.

41. Marshal Eric Ramos with and in conjunction with other defendants committed the act of false imprisonment with and in conjunction with other parties that conspired with said marshal to commit the act of false arrest thus the act of false imprisonment by the act of baring the free movement of the Plaintiff and placing the plaintiff in handcuffs and placing the plaintiff in custody without cause.

### Eight cause of action: Extortion

42. Plaintiff refers and repleads each and every allegation contained in paragraphs 1 through 27 of this verified complaint, and by reference incorporates the same herein and makes each a part thereof.

43. Marshal Eric Ramos with, and in conjunction with, other defendants committed the act of false imprisonment with and in conjunction with other parties that conspired with said marshal to commit the act of false arrest thus the act of false imprisonment by the act of baring the free movement of the Plaintiff and placing the plaintiff in handcuffs and placing the plaintiff in custody without cause. Said marshal then offered to release the plaintiff from custody and transport said plaintiff to a local hospital for the purpose of medical care for the apparent heart attack caused by the actions of Marshal Eric Ramos. The Marshal also attempted extortion of a confession by the threat of incarceration without bail of the Plaintiff for a period of up to three months if the Plaintiff defended his rights and insisted on a court trail as to the validity of said charges. Said Marshal only stopped his extortion attempt when personnel from the Washoe County Sheriffs Department intervened and called an ambulance and had the plaintiff transported to medical facilities at Renown Medical Center.

**Ninth cause of action: With holding of medical care of person in custody**

44. Plaintiff refers and repleads each and every allegation contained in paragraphs 1 through 27 of this verified complaint, and by reference incorporates the same herein and makes each a part thereof.

45. Marshal Eric Ramos personally and in conjunction with other defendants committed the act of false imprisonment with and in conjunction with other parties that conspired with said marshal to commit the act of false arrest thus the act of false imprisonment by the act of baring the free movement of the Plaintiff and placing the plaintiff in handcuffs and placing the plaintiff in custody without cause. Said marshal then offered to release the plaintiff from custody and transport said plaintiff to a local hospital for the purpose of medical care for the Heart attack caused by the actions of Marshal Eric

Ramos. The Marshal also attempted extortion of a confession by the threat of incarceration without bail of the Plaintiff for a period of up to three months if the Plaintiff defended his rights and insisted on a court trail as to the validity of said charges. Said Marshal Eric Ramos only stopped his extortion attempt when personnel from the Washoe County Sheriffs Department intervened and called an ambulance and had the plaintiff transported to medical facilities at Renown Medical Center.

### Tenth Cause of action: Infliction of financial harm

46. Plaintiff refers and repleads each and every allegation contained in paragraphs 1 through 27 of this verified complaint, and by reference incorporates the same herein and makes each a part thereof.

47. The Defendants jointly and individually caused the Plaintiff financial harm by their actions in causing the closure oh his business Northwestern Bone & Tissue LLC. All parties acted as to make an environment that was detrimental to the ability to Hughes to continue to perform his job as CEO/CFO of Northwestern Bone & Tissue LLC thus causing the closure of said business and the forcing of Hughes to fire all of the people who he had employed for several years.

48. The Defendants jointly and individually caused the Plaintiff financial harm by their actions in the publishing false detrimental statements and information that when held in conjunction cast such a false light as to the nature of the plaintiff as to render him unemployable.

### Eleventh Cause of Action: Casting a false light

49. Plaintiff refers and repleads each and every allegation contained in paragraphs 1 through 27 of this verified complaint, and by reference incorporates the same herein and makes each a part thereof.

50. The defendants jointly and individually through their actions have caused the cumulative effect of publishing and distributing information that cast the plaintiff in a false light causing emotional, physical and psychological damage to the plaintiff.

**Twelfth cause of action: Violation of first amendment rights**

51. Plaintiff refers and repleads each and every allegation contained in paragraphs 1 through 27 of this verified complaint, and by reference incorporates the same herein and makes each a part thereof.

52. Judge Patricia Lynch in her actions issued an order barring the Plaintiff from any publishing of his thoughts, opinions and political views on a web site, Craigslist.org, that is used as a forum for discussion of numerous subjects including the lampooning of judges and political figures. This has barred The Plaintiff from discussion and publication of his thoughts, opinions and political views in an open forum for discussion amongst his friends and collogues.

53. Judge Patricia Lynch in her actions issued an order barring the Plaintiff from being on the grounds of University of Nevada, Reno for any reason at all. This included taking of any classes, attending political and social functions on the grounds of the University of Nevada Reno. This has caused the defendant to be unable to further his education in any way, or to be a part of any political meeting held on the grounds.

**Fourteenth cause of action: Violation of forth amendment rights**

54. Plaintiff refers and repleads each and every allegation contained in paragraphs 1 through 27 of this verified complaint, and by reference incorporates the same herein and makes each a part thereof.

55. Judge Patricia Lynch in her actions issued warrants and actions that were arbitrary and capricious in nature and in clear violation of the fourth amendment to the constitution.

56. Marshal Eric Ramos had issued and preformed actions that were clear violation of the fourth amendment to the constitution.

**Fifteenth cause of action violation of Fifth Amendment rights**

57. Plaintiff refers and repleads each and every allegation contained in paragraphs 1 through 27 of this verified complaint, and by reference incorporates the same herein and makes each a part thereof.

58. Judge Patricia Lynch in her actions issued warrants and actions that were arbitrary and capricious in nature and in clear violation of the Fifth Amendment to the constitution.

59. Judge Sue Edmondson in her actions issued warrants and actions that were arbitrary and capricious in nature and in clear violation of the fourth amendment to the constitution.

60. Judge Tamantha Schreinert in her actions issued warrants and actions that were arbitrary and capricious in nature and in clear violation of the Fourth Amendment to the Constitution.

61. Judge Marshal Eric Ramos in his actions issued warrants and actions that were arbitrary and capricious in nature and in clear violation of the Fourth Amendment to the Constitution.

**Sixteenth cause of action: Violation of Seventh Amendment Rights**

62. Plaintiff refers and repleads each and every allegation contained in paragraphs 1 through 27 of this verified complaint, and by reference incorporates the same herein and makes each a part thereof.

63. Judge Patricia Lynch violated the rights granted under the 7th Amendment which guaranteed the Right for Civil Law Trials by Jury. It also guaranteed the right to an appeal to federal courts.

64. Judge Sue Edmondson violated the rights granted under the 7th Amendment which guaranteed the right for Civil Law Trials by Jury. It also guaranteed the right to an appeal to federal courts.

65. Judge Tamantha Schreinert violated the rights granted under the 7th Amendment which guaranteed the right for Civil Law Trials by Jury. It also guaranteed the right to an appeal to federal courts.

**Sixteenth cause of action: Violation of Equal protection under the law**

66. Plaintiff refers and repleads each and every allegation contained in paragraphs 1 through 27 of this verified complaint, and by reference incorporates the same herein and makes each a part thereof.

67. The Plaintiff has been deprived by all parties, individually and in conjunction with others, to deprive the plaintiff of rights guaranteed by the Constitution, as to equal protection under the law.

68. Judge Tamantha Schreinert in her actions as Court Master acted maliciously and with calculated interest in depriving the plaintiff of the constitutionally guaranteed right to fair an impartial hearing.

69. Judge Tamantha Schreinert in her actions as Court Master held a trial in absentia in which she heard testimony and used said testimony to reach a decision and find the plaintiff guilty of contempt of court and thus deprive the Plaintiff of property.

## Conclusion

The cumulative effect of the actions of the defendants has caused the plaintiff's health to suffer, both mental and physical, to diminish along with causing severe financial harm to the plaintiff and his company Northwestern Bone and Tissue LLC and his former employees

## PRAYER FOR RELIEF
## FOR PLAINTIFF ON EACH RESPECTIVE CAUSE OF ACTION

1. for general damages in a sum to be proven at the time of trial and within the jurisdictional limits of the United States District Court District of Nevada

2. For special damages in a sum to be proven at the time of trial and within the jurisdictional limits of the United States District Court District of Nevada

3. Punitive and exemplary damages from each Defendant, as allowed by law, in the sum to be proven at time of trial;

4. For cost of suit incurred herein; and,

5. Such other and further relief as the United States District Court District of Nevada deems just and proper.

Respectfully Submitted

*[signature]*

Greg Hughes / Pro Per