1
2
3
4
5
6
7
8
9
10
11
12
13

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

GREGORY HUGHES,                          )          3:12-cv-00179-LRH (WGC)
                                         )
          Plaintiff,                     )          <u>**REPORT AND RECOMMENDATION**</u>
                                         )          <u>**OF U.S. MAGISTRATE JUDGE**</u>
                    vs.                  )
                                         )
COUNTY OF WASHOE, et. al.,               )
                                         )
          Defendants.                    )
_____ )

14      This Report and Recommendation is made to the Honorable Larry R. Hicks, United

15  States District Judge. Before the court is Plaintiff's pro se Complaint (Doc. # 1-1)[1], and his

16  application for leave to proceed in forma pauperis (Doc. # 1), both filed on April 4, 2012.

17      <u>**I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**</u>

18      A person may be granted permission to proceed in forma pauperis if the person

19  "submits an affidavit that includes a statement of all assets such [person] possesses [and] that

20  the person is unable to pay such fees or give security therefor. Such affidavit shall state the

21  nature of the action, defense or appeal and affiant's belief that the person is entitled to

22  redress." 28 U.S.C. § 1915(a)(1). "'[T]he supporting affidavits [must] state the facts as to the

23  affiant's poverty with some particularity, definiteness, and certainty.'" *United States v.*

24  *McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citing *Jefferson v. United States*,

25  277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the

26  benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

27

28      _____

[1] Refers to court's docket number.

In his application, Plaintiff states he is currently unemployed, and his gross pay or wages are $396.00 per week. (Doc. # 1 at 1.) Plaintiff has no other income. (*Id*.) Plaintiff has $265.00 in cash or in a checking or savings account. (*Id*. at 2.) Plaintiff has a 2002 Yukon. (*Id*.) Plaintiff's expenses include: (1) $3,000 per month for a home loan payment, which he indicates is currently in default; (2) $600 per month in utilities; (3) $100 per month in court payments; and (4) $320 per month in car payments. (*Id*.) Plaintiff indicates that his ex-wife is dependent upon him for support, and he contributes $400 per month to her for her support. (*Id*.) His debts including the following: (1) $10,000+ in medical bills; (2) $16,000 judgment; (3) $20,000 "Life Alaska"; and (4) $20,000 in miscellaneous debt from the closure of a business. (*Id*.)

Based on the information contained within his application, the court finds it is unlikely Plaintiff would be able to pay the $350 filing fee given that his expenses and debt far exceed his monthly income. Therefore, Plaintiff's application to proceed in forma pauperis (Doc. # 1) should be granted.

## II. SCREENING

**A. Standard**

Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an IFP action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of

Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff names the following defendants: County of Washoe; City of Reno; City of Sparks; Reno City Marshal Eric Ramos (personal and official capacity); City of Reno Marshal Commander Justin Roper; Sue Edmondson, Court Master, Washoe County District Court; Tamatha Schreinert, Court Master in Reno; Reno Justice Court Judge Patricia A. Lynch; Sparks Justice Court Judge Kevin Higgins; Sparks Police Officers yet to be identified; Sparks Police Chief Steve Keefer; and Doe defendants A though I. (Doc. # 1-1 at 1.)

///

///

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## C. Analysis

Plaintiff alleges violations of the First, Fourth, Fifth, and Seventh Amendments. (Doc. # 1-1.)  He also alleges various state law claims.  (*Id.*)

Plaintiff cannot bring a claim directly under the United States Constitution.  *See Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir.  1992). "[A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Id.* (internal citations omitted). While not referenced by Plaintiff, 42 U.S.C. § 1983 creates a cause of action allowing a plaintiff to enforce federal rights created by the Constitution or federal statute. *See id.; see also Albright v.  Oliver*, 510 U.S. 266, 271 (1994); *Graham v.  Connor*, 490 U.S. 386, 393-94 (1989).  Accordingly, the court will construe Plaintiff's Complaint as asserting constitutional violations under § 1983.

"To sustain an action under Section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrader*, 879 F.2d 583, 587 (9th Cir.  1989). Section 1983 does not provide a cause of action for violations of state law. *See Galen v.  County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

It should be noted that while Plaintiff invokes the court's diversity jurisdiction under 28 U.S.C. § 1332 (Doc. # 1-1 at 3, ¶ 2), there is no diversity as Plaintiff and all defendants appear to be citizens of Nevada. *See* 28 U.S.C. § 1332(a).  Instead, jurisdiction derives from 28 U.S.C. § 1331, federal question jurisdiction.  *See* 28 U.S.C. § 1331. The court may exercise supplemental jurisdiction over the state law claims asserted by Plaintiff.  *See* 28 U.S.C. § 1367(a), (c).

The court will now analyze each count in Plaintiff's Complaint to determine whether it states a claim upon which relief may be granted.

///

**1. Intentional Infliction of Emotional Distress**

In Nevada, to state a claim for intentional infliction of emotional distress, a plaintiff must allege: (1) a defendant's conduct was extreme or outrageous with the intention of or reckless disregard for causing emotional distress to the plaintiff; and (2) that plaintiff suffered severe or extreme emotional distress as proximate cause of the defendant's conduct. *See Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886, 115 Nev. 372, 378 (1999).

Plaintiff alleges that Court Master Sue Edmondson improperly issued a temporary restraining order in a family law case, related to 6,000 harassing text messages. (Doc. # 1-1 at 6, ¶ 20.)

Plaintiff further alleges that Court Master Tamatha Schreinert improperly issued an extension of the restraining order described above, causing Plaintiff financial and mental anguish. (Doc. # 1-1 at 6, ¶ 21.)

Plaintiff claims that Judge Patricia Lynch ruled arbitrarily against Plaintiff by granting a restraining order in what appears to be a separate case from the case described above. (Doc. # 1-1 at 6-7, ¶ 22.) Plaintiff further asserts that Judge Lynch wrongfully allowed Plaintiff to be arrested, causing Plaintiff to suffer a heart attack, and she failed to continue a hearing causing Plaintiff to miss his mother-in-law's funeral. (*Id.* at ¶ 23.)

Plaintiff also alleges that the City of Sparks has been involved in a pattern of actions that are illegal and unethical. (Doc. # 1-1 at 7, ¶ 24.) Specifically, Plaintiff alleges that Sparks Police Officers have entered the City of Reno to harass, vex and oppress Plaintiff. (*Id.* at 7-8, ¶ 24.) Plaintiff claims that an unidentified Sparks Police Officer would steer clients to an attorney, who would file actions against Plaintiff. (*Id.* at ¶ 25.)

Plaintiff further asserts that he tried to subpoena records from the Sparks Police Department, but they were improperly granted a protective order. (Doc. # 1-1 at 8, ¶ 26.)

Finally, Plaintiff alleges that Marshal Eric Ramos committed crimes including oppression, threatening, and intimidating Plaintiff. (Doc. # 1-1 at 8, ¶ 27.) He claims that

1  Marshal Ramos was under the direct supervision of City of Reno Marshal Commander Justin

2  Roper, and Commander Roper failed to supervise Marshal Ramos.  (*Id*.)

3       **a.  Master Sue Edmondson, Master Tamatha Schreinert, and Judge**

4  **Patricia Lynch**

5       "Judges are absolutely immune from damages actions for judicial acts taken within the

6  jurisdiction of their courts...A judge loses absolute immunity only when [the judge] acts in the

7  clear absence of all jurisdiction or performs an action that is not judicial in nature." *Schucker*

8  *v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988); *see also Ashelman v. Pope*, 793 F.2d

9  1072, 1075 (9th Cir. 1986). The Ninth Circuit has found that absolute quasi-judicial immunity

10  extends to special masters and others whose "judgments are functionally comparable to those

11  of judges-that is, because they, too, exercise a discretionary judgment as part of their

12  function." *Gabbert v. Conn*, 131 F.3d 793, 803 (9th Cir. 1997) (internal quotation marks and

13  citations omitted), *rev'd on other grounds in* 526 U.S. 286 (1999); *see also Atkinson-Baker*

14  *& Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454-55 (9th Cir. 1993) (noting that special masters

15  "clearly exercise discretionary judgment as part of [his or her] function).

16       The allegations pertaining to Judge Lynch, and Masters Edmondson and Schreinert

17  involve actions taken in their judicial or quasi-judicial capacity.  Therefore, this claim should

18  be dismissed with prejudice as to these defendants.

19       **b.  City of Sparks and Unidentified Sparks Police Officers**

20       Plaintiff alleges that the City of Sparks has been involved in illegal activity and that

21  Sparks Police Officers have harassed him.  (Doc. # 1-1 at 7-8, ¶ 24.) These are general

22  conclusions lacking the support of any *factual* allegations.  This does not meet the standard

23  set forth in *Twombly*, 550 U.S. 544, which requires "something more...than...a statement of

24  facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. at 555

25  (internal quotations and citation omitted).

26

27

28

1    This claim should be dismissed with leave to amend. To the extent Plaintiff alleges that
2    an unidentified Sparks Police Officer improperly referred clients to an attorney, Plaintiff may
3    amend his complaint to add such a claim when he has identified the officer.

4         To the extent Plaintiff asserts that Sparks Police Department obtaining a protective
5    order is improper, Plaintiff has failed to state a colorable claim.

6                              **c. Eric Ramos & Justin Roper**

7         The only allegations concerning Eric Ramos and Justin Roper are that they committed
8    various crimes. This claim is not properly brought in a civil action. Courts have long held that,
9    unless an exception exists, "'criminal statutes cannot be enforced by civil actions.'" *Collins v.*
10   *Palczewski*, 841 F.Supp. 333, 340 (D.Nev. 1993) (quoting *Bass Angler Sportsman Soc. v.*
11   *United Steel Corp.*, 324 F.Supp. 412, 415 (S.D. Ala. 1981) (citation omitted); *United States*
12   *v. Jourden*, 193 F. 986 (9th Cir. 1912)). Accordingly, this claim should be dismissed with
13   prejudice as to these defendants.

14                             **2. Defamation**

15        Plaintiff alleges that items were caused to be entered into the public record that were
16   defamatory to him. (Doc. # 1-1 at 8, ¶ 29.) Plaintiff further alleges that Marshal Eric Ramos
17   abused him in a public area causing irreparable harm. (*Id.* at 9, ¶ 30.)

18        In Nevada, "[d]efamation is a publication of a false statement of fact." *Pegasus v. Reno*
19   *Newspapers, Inc.*, 57 P.3d 82, 87, 118 Nev. 706, 714 (2002). Statements of opinion, on the
20   other hand, are not actionable. *Id.* (internal citations omitted). Moreover, statements that are
21   "absolutely true" or "substantially true" are not defamatory. *See Pegasus*, 57 P.3d 82, 88, 118
22   Nev. at 715.

23        Plaintiff does not include any *factual* allegations to support the conclusory statement
24   that Marshal Eric Ramos defamed him. *See Twombly*, 550 U.S. at 555. This claim should be
25   dismissed with leave to amend.

26   ///
27   ///
28
                                        7

### 3.  Libel

Libel is simply defamation involving a statement in a "fixed medium," *i.e.*, a writing or picture. *See* Black's Law Dictionary (9th ed.  2009).

It appears Plaintiff mistakenly refers to "Plaintiffs" when he alleges that statements were made in the public record which are libelous in nature.  (Doc. # 1-1 at 9, ¶ 32.)  Plaintiff does not identify any particular defendant who is the subject of this claim.  Nor has Plaintiff identified the allegedly libelous statements. Therefore this claim should be dismissed with leave to amend.

### 4.  Slander per se

Plaintiff alleges, again mistakenly referring to "Plaintiffs," that statements have been made in the public record that are slanderous in nature.  (Doc. # 1-1 at 9, ¶ 34.)

Slander per se is "an oral statement 'which would tend to injure the plaintiff in his or her trade, business, profession or office.'" *Bongiovi v.  Sullivan*, 138 P.3d 433, 448, 122 Nev. 556, 577 (2006).

Plaintiff has not included any *facts* which give rise to a claim for slander per se. Accordingly, this claim should be dismissed with leave to amend.

### 5.  Denial of Constitutional Rights

Plaintiff alleges, mistakenly referring to "Plaintiffs," that his constitutional rights have been abridged.  (Doc. # 1-1 at 10, ¶ 36.)

Plaintiff does not identify any particular defendant who violated his constitutional rights. Nor does he allege any facts rising to a particular constitutional violation. Plaintiff attempts to assert particular constitutional violations in later claims, and the court will address those allegations herein.  The general reference to constitutional rights does not state a claim for relief.  Therefore,  this count should be dismissed with prejudice.

### 6.  False arrest

Plaintiff alleges that defendant Marshal Eric Ramos committed the crime of false arrest without a warrant. (Doc. # 1-1 at 10, ¶38-39.) Plaintiff includes nothing other than conclusory

statements to support this claim.  This is insufficient, and as a result, this claim should be dismissed with leave to amend.

Plaintiff's claim can likely be construed as an alleged Fourth Amendment violation. However, Plaintiff does not include any facts regarding how the violation occurred, other than stating in a conclusory fashion that Ramos committed the crime of false arrest without a warrant.  This claim should be dismissed with leave to amend.

### 7. False Imprisonment

Plaintiff alleges that Marshal Eric Ramos committed false imprisonment with other unidentified parties by barring the free movement of Plaintiff and placing him in handcuffs without cause. (Doc. # 1-1 at 10.)

False imprisonment is the "restraint of one's liberty without any sufficient cause therfore." *Lerner Shops of Nev., Inc. v. Marin*, 423 P.2d 398, 400, 83 Nev.  75, 78 (1967) (citation omitted); *see also Hernandez v. City of Reno*, 634 P.2d 668, 671, 97 Nev.  429, 433 (Nev.  1981).

As indicated above, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Here, Plaintiff has simply recited the elements of this cause of action without including any factual details.  Accordingly, this claim should be dismissed with leave to amend.

### 8. Extortion

Plaintiff alleges that Marshal Eric Ramos attempted to extort a confession from Plaintiff with the threat of incarceration without bail.  (Doc. # 1-1 at 11.)

It appears that Plaintiff is alleging that Marshal Eric Ramos committed the *crime* of extortion.  This claim is not properly brought in a civil action.  Courts have long held that, unless an exception exists, "'criminal statutes cannot be enforced by civil actions.'" *Collins v. Palczewski*, 841 F.Supp.  333, 340 (D.Nev.  1993) (quoting *Bass Angler Sportsman Soc.  v. United Steel Corp.*, 324 F.Supp.  412, 415 (S.D. Ala.  1981) (citation omitted); *United States*

9

1  2 *v. Jourden*, 193 F.  986 (9th Cir.  1912)).  Accordingly, this claim should be dismissed with
prejudice.

3  **9.  Withholding medical care**

4  Plaintiff alleges that Marshal Eric Ramos and other unidentified defendants offered to
5  release Plaintiff from custody to transport him to the local hospital to obtain medical care for
6  a heart attack Plaintiff suffered as a result of Ramos' actions. (Doc. # 1-1 at 11.)

7  The Fourteenth Amendment protects the right of a pretrial detainee who has neither
8  been charged nor convicted of a crime to receive necessary medical care for treatment and
9  injuries.  *See Lolli v.  County of Orange*, 351 F.3d 410, 418 (9th Cir.  2003); *Gibson v.  County*
10  *of Washoe*, 290 F.3d 1175, 1187 (9th Cir.  2002)*; see also Dean v.  City of* Fresno, 546
11  F.Supp.2d 798, 811 (E.D. Cal.  2008) (applying Fourteenth Amendment to denial of medical
12  care claim made by arrestee); *Turner v.  County of Washoe*, 759 F.Supp.  630, 635-636 (D.
13  Nev.  1991) (same).  While a pretrial detainee's right to be free from punishment is grounded
14  in the Fourteenth Amendment, courts borrow from Eighth Amendment case law when
15  analyzing the rights of pretrial detainees.  *See Pierce v.  County of Orange*, 526 F.3d 1190,
16  1205 (9th Cir.  2008); *Johnson v.  Meltzer*, 134 F.3d 1393, 1398 (9th Cir.  1998) (Eighth
17  Amendment establishes minimum standard of care for pretrial detainees).

18  A constitutional violation arising from deficient medical requires proof that prison
19  officials were deliberately indifferent to a serious medical need. *Estelle v.  Gamble*, 429
20  U.S. 97, 104 (1976). A finding of deliberate indifference involves the examination of two
21  elements: "the seriousness of the prisoner's medical need and the nature of the defendant's
22  responses to that need." *McGuckin v.  Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *rev'd on*
23  *other grounds, WMX Tech., Inc.  v.  Miller*, 104 F.3d.  1133 (9th Cir.  1997).  "A 'serious'
24  medical need exists if the failure to treat a prisoner's condition could result in further
25  significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* (citing *Estelle*,
26  429 U.S. at 104). Examples of conditions that are "serious" in nature include "an injury
27  that a reasonable doctor or patient would find important and worthy of comment or

28

treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id*. at 1059-60; *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *McGuckin* and finding that inmate whose jaw was broken and mouth was wired shut for several months demonstrated a serious medical need).

If the medical needs are serious, a plaintiff must show that the defendant acted with deliberate indifference to those needs. *Estelle*, 429 U.S. at 104. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference entails something more than medical malpractice or even gross negligence. *Id*. Inadvertence, by itself, is insufficient to establish a cause of action under § 1983. *McGuckin*, 974 F.2d at 1060. Instead, deliberate indifference is only present when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (quoting *Farmer*, 511 U.S. at 858). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment" or the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner. *Hunt v. Dental Dep't*., 865 F.2d 198, 201 (9th Cir. 1989) (internal quotation marks and citation omitted). Where delay in receiving medical treatment is alleged, a prisoner must demonstrate that the delay led to further injury. *McGuckin*, 974 F.2d at 1060.

Here, Plaintiff alleges that Marshal Eric Ramos offered to release Plaintiff from custody and transport him to a local hospital for care for a heart attack that Plaintiff asserts was caused by Ramos' actions. (Doc. # 1-1 at 11.) These allegations do not rise to the level of deliberate indifference. Even taking Plaintiff's allegation as true that Ramos caused Plaintiff to have a heart attack, Plaintiff alleges that Ramos offered to take him to the local

11

hospital to obtain medical care, which does not indicate deliberate indifference. This claim should be dismissed with leave to amend.

### 10. Infliction of financial harm

Plaintiff alleges that defendants caused him financial harm resulting in the closure of his business, Northwestern Bone & Tissue LLC. (Doc. # 1-1 at 12.) He asserts that this is the result of the publication of false statements that case a false light upon Plaintiff. (*Id*.)

It appears that Plaintiff is asserting financial harm as an element of his damages in connection with his claims for defamation and false light. The court has determined herein that Plaintiff has not adequately stated a claim for defamation or false light. Should Plaintiff choose to amend, he is not precluded from asserting financial harm in connection with a properly alleged claim for defamation or false light, but the court finds these allegations are insufficient to state a claim for relief in and of themselves. Accordingly, this claim should be dismissed with prejudice.

### 11. False light

Plaintiff alleges that defendants have published information that cast him in a false light causing him emotional, physical and psychological damage. (Doc. # 1-1 at 12-13.)

False light is one of several torts under the category of invasion of privacy. *See People for Ethical Treatment of Animals v. Bobby Berosini, Ltd*., 895 P.2d 1269, 1278, 111 Nev. 615, 629 (Nev. 1995). The elements of a false light claim are set forth in the Restatement (Second) of Torts as follows:

> One who gives publicity to a matter concerning another that places the other before the public in a false light subject to liability to the other for invasion of his privacy, if
> (a) the false light in which the other was placed would be highly offensive to a reasonable person, and
> (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

Restatement (Second) of Torts § 652E (1977).

Plaintiff fails to specify what information was published that cast him in a false light or indicate that the information would be highly offensive to a reasonable person. Nor does

Plaintiff identify any specific defendant in connection with this allegation.  Finally, Plaintiff does not allege that a particular defendant knew of or acted in reckless disregard as to the falsity of the matter. Accordingly, this claim should be dismissed with leave to amend.

### 12.  First Amendment

Plaintiff alleges that Judge Patricia Lynch ordered Plaintiff not to publish his thoughts, opinions and political views on a website in violation of his First Amendment rights.  (Doc. # 1-1 at 13.)  He further alleges that Judge Patricia Lynch violated his First Amendment rights when she barred him from being present on the grounds of the University of Nevada, Reno.  (*Id.*)

"Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts...A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an action that is not judicial in nature." *Schucker v.  Rockwood*, 846 F.2d 1202, 1204 (9th Cir.  1988); *see also Ashelman v.  Pope*, 793 F.2d 1072, 1075 (9th Cir.  1986).

Therefore, Plaintiff may not maintain a civil action against Judge Lynch with respect to orders she issued, and this claim should be dismissed with prejudice.  If Plaintiff disagrees with Judge Lynch's orders, the proper procedure is to seek review of such orders, if possible, through Nevada's courts, through the mechanisms provided in Nevada's Rules of Civil Procedure.

### 13.  Fourth Amendment

Plaintiff asserts that Judge Lynch issued warrants that were arbitrary and capricious in violation of the Fourth Amendment. (Doc. # 1-1 at 13.) Plaintiff goes on to allege that Marshal Eric Ramos performed actions that were in violation of the Fourth Amendment. (*Id*.  at 14.)

As stated above, Judge Lynch is absolutely immune from a civil action for damages concerning actions taken while performing her job duties.  Therefore, this claim should be dismissed with prejudice as to Judge Lynch.

With respect to Marshal Eric Ramos, Plaintiff has failed to include *any* facts to substantiate his conclusion that Ramos violated the Fourth Amendment.  Therefore, this claim should be dismissed as to Marshal Eric Ramos, with leave to amend.

### 14.  Fifth Amendment

Plaintiff alleges that Judge Lynch issued warrants that were in violation of the Fifth Amendment.  (Doc. # 1-1 at 14.)  Once again, Judge Lynch is absolutely immune from a civil action for damages with respect to actions taken while performing her duties as a judge.  Therefore, this claim should be dismissed with prejudice as to Judge Lynch.

Plaintiff also alleges that Masters Edmondson and Schreinert issued warrants that violated the *Fourth Amendment* (although these allegations come under the title of a claim under the Fifth Amendment).  Whether Plaintiff is alleging a violation of the Fourth or Fifth Amendment with respect to these defendants, the court has determined that they are entitled to immunity.  *See  Gabbert v.  Conn*, 131 F.3d 793, 803 (9th Cir.  1997) (internal quotation marks and citations omitted), *rev'd on other grounds in* 526 U.S. 286 (1999); *see also Atkinson-Baker & Assocs., Inc.  v.  Kolts*, 7 F.3d 1452, 1454-55 (9th Cir.  1993) (noting that special masters "clearly exercise discretionary judgment as part of [his or her] function).  Therefore, this claim should be dismissed with prejudice as to Masters Edmondson and Schreinert.

Finally, Plaintiff alleges that Marshal Eric Ramos issued warrants that violated the Fourth Amendment. (Doc. # 1-1 at 14.)  Plaintiff mistakenly refers to Marshal Eric Ramos as a judge in this claim.  Defendant  Ramos would not be in a position to issue warrants so as to violate Plaitniff's constitutional rights.  Accordingly, there is no plausible claim against  Ramos based on these facts, and this claim should be dismissed with prejudice as to him as well.

///

///

///

14

**15. Seventh Amendment**

Plaintiff alleges that Judge Lynch, along with Masters Edmondson and Schreinert, violated his Seventh Amendment right to a trial by jury. (Doc. # 1-1 at 14-15.)

As stated above, these defendants are all entitled to immunity from suit.  Moreover, the Seventh Amendment right to a jury trial in civil cases applies to proceedings in federal courts, and does not govern jury trials in state courts. *See Minneapolis & St.  L.R. Co.  v.  Bombolis*, 241 U.S. 211 (1916) (recognizing that while the Seventh Amendment protects the right of federal litigants to a jury trial, it has not been incorporated to the states through the Fourteenth Amendment).  Accordingly, this claim should be dismissed with prejudice.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED THAT**:

(1) Plaintiff's request to proceed in forma pauperis (Doc. # 1) be **GRANTED.** The Clerk of the Court should be instructed to **FILE** the Complaint (Doc. # 1-1). The movant herein should be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.  This order granting in forma pauperis status should not extend to the issuance of subpoenas at government expense.

(2) Count 1, intentional infliction of emotional distress, should be **<u>DISMISSED WITH PREJUDICE</u>** as to defendants **Edmondson, Schreinert, and Lynch**; **<u>DISMISSED WITH LEAVE TO AMEND</u>** as to defendants **City of Sparks and the unidentified police officers**, but Plaintiff is advised that any amendment complaint will not be allowed to proceed against the police officers until they are identified; and **<u>DISMISSED WITH PREJUDICE</u>** as to defendants **Ramos and Roper**.  To the extent Plaintiff alleges that an unidentified Sparks Police Officer improperly referred clients to an attorney, Plaintiff may amend his complaint to add such a claim when he has identified the officer.  Finally, as to Plaintiff's allegation that the Sparks Police Department improperly obtained a protective order, Plaintiff has failed to state a colorable claim, and it should be **<u>DISMISSED WITH PREJUDICE</u>**.

(3) Count 2, defamation, should be **<u>DISMISSED WITH LEAVE TO AMEND</u>**.

(4) Count 3, libel, should be **<u>DISMISSED WITH LEAVE TO AMEND</u>**.

(5) Count 4, slander per se, should be **<u>DISMISSED WITH LEAVE TO AMEND</u>**.

(6) Count 5, denial of constitutional rights, should be **<u>DISMISSED WITH PREJUDICE</u>**.

(7) Count 6, false arrest, should be **<u>DISMISSED WITH LEAVE TO AMEND</u>**.

(8) Count 7, false imprisonment, should be **<u>DISMISSED WITH LEAVE TO AMEND</u>**.

(9) Count 8, extortion, should be **<u>DISMISSED WITH PREJUDICE</u>**.

(10) Count 9, denial of medical care under the Fourteenth Amendment, should be **<u>DISMISSED WITH LEAVE TO AMEND</u>**.

(11) Count 10, infliction of financial harm, should be **<u>DISMISSED WITH PREJUDICE</u>**.  Plaintiff may assert financial harm as an element of his damages if he is allowed to proceed with an amended claim for defamation.

(12) Count 11, false light, should be **<u>DISMISSED WITH LEAVE TO AMEND</u>** .

(13) Count 12, First Amendment, should be **<u>DISMISSED WITH PREJUDICE</u>**.

(14) Count 13, Fourth Amendment, should be **<u>DISMISSED WITH PREJUDICE</u>** as to defendant Lynch; and **<u>DISMISSED WITH LEAVE TO AMEND</u>** as to defendant Ramos.

(15) Count 14, Fifth Amendment, should be **<u>DISMISSED WITH PREJUDICE</u>**.

(16) Count 15, Seventh Amendment, should be **<u>DISMISSED WITH PREJUDICE</u>**.

(17) Plaintiff is advised that pursuant to Local Rule 15-1, if he chooses to file an amended complaint, it shall be complete in itself without reference to any previous complaint.  Plaintiff should be given thirty (30) days from the date of the order adopting the Report and Recommendation within which to file an amended complaint remedying, if possible, the defects in the Complaint explained above. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no

1  longer be before the court.  Plaintiff is cautioned that if he fails to file an amended

2  complaint within the time period specified above, the action will be dismissed. Plaintiff

3  shall clearly title the amended complaint as such by placing the words "AMENDED

4  COMPLAINT" on page 1 in the caption, and plaintiff shall place the case number, **3:12-**

5  **CV-00179-LRH-WGC**, above the words "AMENDED COMPLAINT"in the space for

6  "Case No."

7  The parties should be aware of the following:

8        1.    That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of

9  the Local Rules of Practice, specific written objections to this Report and Recommendation

10  within fourteen (14) days of receipt.  These objections should be titled "Objections to

11  Magistrate Judge's Report and Recommendation" and should be accompanied by points

12  and authorities for consideration by the District Court.

13        2.    That this Report and Recommendation is not an appealable order and that

14  any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until

15  entry of the District Court's judgment.

16  DATED:   April 23, 2012.

17

18

19                           WILLIAM G.  COBB

20                           UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

17